UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:00-cr-399-T-23TGW
    8:14-cv-1591-T-23TGW

AGUSTINE MIRANDA GUTIERREZ
_____/

**O R D E R**

Gutierrez is imprisoned for a total of 262 months as a career offender based on his conviction for both possession with the intent to distribute fifty grams or more of methamphetamine and illegal re-entry of a deported alien after an aggravated felony. Gutierrez pleaded guilty with the benefit of a plea agreement. Under the terms of the plea agreement, Gutierrez waived his right both to challenge the calculation of his sentence and to appeal. Gutierrez's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his sentence as a career offender.

**BACKGROUND**[1]

> On October 15, 2000, local law enforcement received information from DEA in California that a certain individual (the "individual") was flying into Orlando to receive a shipment of 25 kilograms of cocaine. According to a California confidential informant, the plan was for the individual to meet with Agustine Miranda Gutierrez, a/k/a Feliciano Gomez, and eventually rendevous with a vehicle traveling to Polk County from California with the cocaine. Law enforcement set up surveillance at Orlando International Airport and was present when the individual arrived. They observed the individual meet

---

[1] This summary of the facts derives from the plea agreement. (Doc. 15)

with Agustine Gutierrez before the two departed the airport for Polk County. Over the next several days, law enforcement surveilled Agustine Gutierrez, who was observed on several occasions entering a trailer located at 2415 Pattie Lane in Ft. Meade, Florida. After several days of surveillance, law enforcement decided to stop Agustine Gutierrez's vehicle shortly after it was observed leaving 2415 Pattie Lane. Polk County Sheriffs Deputy J. D. Manning attempted to stop Agustine Gutierrez's vehicle. Rather than stop, Agustine Gutierrez sped up and tossed approximately one pound of methamphetamine out of his window before stopping for Deputy Manning. Deputy Manning successfully recovered the methamphetamine and arrested Agustine Gutierrez.

After Agustine Gutierrez was arrested, law enforcement obtained a State-authorized search warrant for 2415 Pattie Lane. During the execution of the search warrant, law enforcement recovered approximately 12 pounds of methamphetamine. Post-arrest, Agustine Gutierrez admitted that he got the approximately one pound of methamphetamine which he threw out of his vehicle window from 2415 Pattie Lane. Agustine Gutierrez further claimed he was on his way to deliver the methamphetamine at the time he was arrested.

Agustine Miranda Gutierrez is a native and citizen of Mexico. He has convictions for the following offenses: possession for sale of heroin in Fresno, California, on August 15, 1995, and four counts of possession/sale of controlled substances in Orange County, California, on November 8, 1993. The defendant was [twice] deported . . . to Mexico.

## **MOTION TO VACATE**

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d

557, 558 (5th Cir. 1980)[2] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). Gutierrez is entitled to no relief.

**Appeal Waiver:**

Gutierrez waived the right to challenge the calculation of his sentence when he "expressly waive[d] the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the 'safety valve' provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2 . . . ." Plea Agreement (¶5 at 12–13, Doc. 15)  The appeal waiver is routinely enforced. *See, e.g., United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir.) ("An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."), *cert. denied*, 544 U.S. 1041 (2005); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) ("[T]he right to appeal a sentence based on *Apprendi/Booker* grounds can be waived in a plea agreement.  Broad waiver language covers those grounds of appeal."); *United States v. Buchanan*, 131 F.3d 1005, 1009 (11th Cir. 1997) ("Notwithstanding

---

[2]  Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

Buchanan's explicit reservation of the right to argue his position about that issue at sentencing, a right that he exercised, the issue was not exempted from the appeal waiver. We enforce the appeal waiver according to its terms."); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993) ("We hold, therefore, that in most circumstances a defendant's knowing and voluntary waiver of the right to appeal his sentence will be enforced by this circuit."), *cert. denied* 513 U.S. 1051 (1994). As a consequence, Gutierrez waived his right to challenge the calculation of hisسentence.

Notwithstanding the waiver in the plea agreement, Gutierrez appealed and challenged his sentence, but he did not challenge his sentence as a career offender. This omission results in a procedural default of the correctness of his career offender sentence. As explained in *Page v. United States*, 440 Fed. App'x 767, 769 (2011),[3] Gutierrez is procedurally barred from challenging his career offender sentence:

> Page's claim that his below statutory maximum sentence violates the Sentencing Guidelines, as interpreted post-*Johnson*, is a non-constitutional claim. As such, if this claim could have been raised on direct appeal, Page is procedurally barred from raising it under § 2255. *See id.* at 1233. "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Id.* at 1232 n. 14 (quotation marks omitted).
>
> Page did not challenge his status as a career offender on direct appeal. In fact, Page did not file a direct appeal at all. Page offers no reason why he could not have raised his career offender status on direct appeal. "In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." *Id.* at 1235. Where

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

> the basis of a claim is available, and other defense attorneys have recognized and litigated it, unawareness of the objection will not constitute cause to excuse a procedural default. *Jones v. United States*, 153 F.3d 1305, 1307–08 (11th Cir. 1998). Moreover, the fact that this Circuit's precedent may have been adverse to Page's claim does not mean that the appeal was "unavailable." A defendant's belief that his claim would have been futile "cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *See Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (internal citation and quotation marks omitted).
>
> Because Page's status as a career offender is a non-constitutional issue that he could have raised on direct appeal, it is not cognizable on collateral review under § 2255.

*See also Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012) ("The government concedes, and we take it as a given, that the Supreme Court's *Johnson* decision is retroactively applicable. That does not, however, mean that *Johnson* entitles Rozier to § 2255 relief from the application of the career offender enhancement in his case, from the resulting sentence, and from our decision affirming that sentence and rejecting his claim on direct appeal. "), *cert. denied*, ___ U.S. ___, 133 S. Ct. 1740 (2013).

**Time-Bar:**

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Gutierrez's sentence became final in 2002, and his limitation expired one year later without a timely-filed Section 2255 motion to vacate. Gutierrez's motion to vacate, which he

filed in 2014, is nearly twelve years late. As a consequence, his motion to vacate is untimely under Section 2255(f)(1).

Gutierrez asserts entitlement to another limitation under Section 2255(f)(3), which establishes a limitation of one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Gutierrez contends that *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), applies retroactively and entitles him to a new limitation. *Descamps* affords Gutierrez no new limitation. To qualify for another limitation under Section 2255(f)(3), the Supreme Court's decision must establish a new right. Notwithstanding Gutierrez's arguments to the contrary, *Descamps* did not establish a new right and courts have regularly rejected retroactively applying *Descamps*. *See, e.g., Nipper v. Warden, FCC-Coleman*, 597 Fed. App'x 581, 583 (11th Cir. 2015) ("Neither the Supreme Court nor this Court has held that *Descamps* applies retroactively on collateral review. Beyond that, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."), *petition for cert. filed*, No. 14–9750 (May 13, 2015); *Wilson v. Warden, FCC-Coleman*, 581 Fed. App'x 750, 753 (11th Cir. 2014) ("The Supreme Court itself has not expressly declared *Descamps* to be retroactive to cases on collateral review. Moreover, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."). *See also Whittaker v.*

- 6 -

*Chandler*, 574 Fed. App'x 448 (5th Cir. 2014) (holding that *Descamps* entitles a petitioner no relief under Section 2241 and the "savings clause" of Section 2255), and *King v. United States*, ___ Fed. App'x ___, 2015 WL 1898394 (11th Cir. April 28, 2015) ("[N]either *Alleyne* nor *Descamps* apply retroactively on collateral review as required by § 2255(h)(2), and, thus, King's motion was not timely under § 2255(f)(3).").

**Actual Innocence of Career Offender Sentence:**

Gutierrez argues that he is "actually innocent of being a career offender." Once again Gutierrez relies on *Descamps* for his claim of actual innocence. *Bido v. United States*, 438 Fed. App'x 746, 748 (11th Cir. 2011), rejects an "actual innocence of sentence" argument and holds that "a petitioner's claim that a Sentencing Guideline provision was misapplied to him at sentencing is not a constitutional claim" that is reviewable under Section 2255.[4] *See also Gilbert v. United States*, 640 F.3d 1293, 1322–23 (2011) (*en banc*), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1001 (2012), which rejects expanding "the *Sawyer [v. Whitley*, 505 U.S. 333 (1992)], actual innocence of sentence exception" beyond death penalty cases.

In his ground two Gutierrez asserts his ineligibility for a career offender sentence. Eligibility for a career offender sentence under Section 4B1.1(a), United States Sentencing Guidelines, requires proof of the following three requirements:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;

---

[4] Like Bido, Gutierrez procedurally defaulted his claim. As stated above, under the terms of the plea agreement Gutierrez mostly waived challenging to the determination of his sentence.

> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Affording a generous interpretation to his ground two, Gutierrez asserts his ineligibility based on the last two requirements. Although he is correct that his conviction for illegal re-entry is neither a crime of violence nor a controlled substance offense, Gutierrez ignores that he was also convicted of possession with the intent to distribute fifty grams or more of methamphetamine, which, of course, is a controlled substance offense that supports a career offender sentence. Also, Gutierrez's career offender sentence is supported by (1) his prior conviction for possession for sale of heroin in Fresno, California, on August 15, 1995, and (2) his prior four counts of possession/sale of controlled substances in Orange County, California, on November 8, 1993. Both prior convictions are a controlled substance offense and, as discussed above, Gutierrez's reliance on the retroactive application of *Descamps* is misplaced.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against Gutierrez close this case.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Gutierrez is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Gutierrez must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Gutierrez is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Gutierrez must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 29, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE